UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MAURICE SEAN LEONARD**, <br><br> Petitioner, <br><br> vs. <br><br> **UNITED STATES**, <br><br> Respondent. | 20-CV-10632-TGB <br><br> **OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** |

Maurice Sean Leonard ("Petitioner"), confined at the United States Penitentiary in Thomson, Illinois, filed a "Motion For Authorization To Proceed With a Second and Successive 2254 Writ of Habeas Corpus." Petitioner asks this Court to grant him permission to file a successive habeas petition in which he seeks to reinstate his appeal of right because his appellate counsel failed to file a notice of appeal. The present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3); the case is transferred to the Court of Appeals so that petitioner may obtain permission to file a successive petition for a writ of habeas corpus.

1

## I. Background

Petitioner does not specify the state court convictions that he challenges. In 2008, petitioner pleaded guilty in the Wayne County Circuit Court to assault with intent to rob while armed, Mich. Comp. Laws § 750.89; assault with intent to commit murder, Mich. Comp. Laws § 750.83; delivery of less than 50 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv); conspiracy to commit armed robbery, Mich. Comp. Laws § 750.157a; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; resisting and obstructing a police officer, Mich. Comp. Laws § 750.479; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The Court assumes that petitioner is challenging these convictions in his petition. [1]

Petitioner previously filed a petition for a writ of habeas corpus, the petition was dismissed as being time-barred under the Antiterrorism and Effective Death Penalty Act's (AEDPA) one year statute of limitations

---

[1] The Court is aware that petitioner is also serving federal sentences arising from the same series of events which lead to his state conviction. *See United States v. Leonard*, No. 2-07-cv-20545-AJT-MKM-2 (E.D. Mich.). Petitioner, however, seeks relief under **Error! Main Document Only.**28 U.S.C. § 2254, which is inapplicable to challenges to a federal conviction. *See Johnson v. Holt,* 331 F. App'x 906 (3rd Cir. 2009). Section 2254 applies only to inmates who challenge their state court convictions. *See Lang v. United States,* 474 F.3d 348, 351, n. 3 (6th Cir. 2007).

contained in 28 U.S.C. § 2244(b)(3)(A). The Court also found the claims to be without merit. *Leonard v. Ebbert, et al.,* No. 16-14196 (E.D. Mich. Mar. 1, 2018).

Petitioner recently filed a second habeas petition challenging these convictions. One of petitioner's claims in that petition was that he was denied the effective assistance of appellate counsel because counsel failed to perfect the appeal. Case No. 2-20-CV-10533 (ECF No. 1, PageID.5-6, 16). That petition was transferred to the United States Court of Appeals for the Sixth Circuit for a determination of whether petitioner should be permitted to file a successive habeas petition. *Leonard v. State of Michigan,* No. 2:20-CV-10533 (E.D. Mich. Mar. 11, 2020) (ECF No. 3). That case is pending in the Sixth Circuit. *In Re Leonard,* No. 20-1237 (6th Cir.). Petitioner has filed another successive petition that is now before this Court.

## II. Discussion

Petitioner already filed a prior petition for a writ of habeas corpus challenging his judgment of sentence and incarceration.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing

3

the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The dismissal of petitioner's prior habeas petition based on his failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that renders the current petition "second or successive" for the purpose of § 2244(b), with respect

4

to this judgment. *See In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 765 (7th Cir. 2003) (per curiam); Cf. *In Re Cook,* 215 F.3d 606, 607-08 (6th Cir. 2000) (when petitioner's first habeas application was dismissed for procedural default arising from failure to exhaust state remedies where the statute of limitations had run on those remedies, the dismissal was "on the merits," and the petitioner's later habeas application was "second or successive," for purposes of § 2244(b)).

Petitioner's motion to authorize a second habeas petition is not properly before this Court. This Court lacks jurisdiction to entertain a § 2244 motion. *See Riggleman v. W. Virginia Dep't of Corr.*, 174 F. App'x 168, 169, n. 1 (4th Cir. 2006). The proper course is for this Court to transfer this motion to the Sixth Circuit for their determination whether petitioner should be permitted to file a second habeas petition. *Id.*

Accordingly, the Clerk of Court is ordered to transfer the case to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims*

5

and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

### III. ORDER

**IT IS ORDERED** that the Clerk shall transfer the "Motion For Authorization To Proceed With a Second and Successive 2254 Writ of Habeas Corpus" (ECF No. 1) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

DATED this 23rd day of March, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge